# UNITED STATES BANKRUPTCY COURT
# MIDDLE DISTRICT OF ALABAMA

In re

Case No. 06-30952-DHW
Chapter 13

BARRY L. REEVES
JESSICA D. REEVES,

    Debtors.

## MEMORANDUM OPINION

### Introduction

AmSouth Bank ("AmSouth") objects to the confirmation of the debtors' chapter 13 plan. The plan provides for the surrender of a Ford pickup truck to AmSouth in full satisfaction of its claim. AmSouth contends that it should be permitted to file a deficiency claim should one result upon the disposition of the collateral.

The plan confirmation hearing was held on October 30, 2006. The objection was taken under advisement, and the parties were accorded additional time to file their respective briefs of law. The debtors filed a brief, but AmSouth did not. The debtors are represented by Vonda S. McLeod, and AmSouth is represented by James H. Greer.

### Jurisdiction

The court's jurisdiction in this matter stems from 28 U.S.C. § 1334 and from the United States District Court for this district's general order referring title 11 matters to the Bankruptcy Court. Further, confirmation of a plan is a core proceeding under 28 U.S.C. § 157. Thus, this court's jurisdiction extends to the entry of a final order or judgment.

### Facts

The relevant facts are few and undisputed. On November 4, 2005, AmSouth financed the debtors' purchase of a 2001 Ford F-250 pickup truck. AmSouth holds a purchase-money security interest in that collateral. The debtors purchased the truck for their personal and not commercial use.

Law

11 U.S.C. § 1325(a) provides the range of treatment that must be accorded secured creditors under chapter 13 plans. Recently, the provisions of that subsection were amended by the *Bankruptcy Abuse Prevention and Consumer Protection Act of 2005* (Pub. L. No. 109-8)("BAPCPA"). In relevant part, the statute now provides:

> For purposes of paragraph (5), section 506 shall not apply to a claim described in that paragraph if the creditor has a purchase money security interest securing the debt that is the subject of the claim, the debt was incurred within the 910-day [sic] preceding the date of the filing of the petition, and the collateral for that debt consists of a motor vehicle (as defined in section 30102 of title 49) acquired for the personal use of the debtor, or if collateral for that debt consists of any other thing of value, if the debt was incurred during the 1-year period preceding that filing.

11 U.S.C. § 1325(a) (hanging, unnumbered paragraph at the end of the subsection).

This court, in two recent cases, has held that the effect of this provision is to prevent the bifurcation of qualifying claims into secured and unsecured components. *See In re Horn*, 338 B.R. 110 (Bankr. M.D. Ala. 2006); *In re Wright*, 338 B.R. 917 (Bankr. M.D. Ala. 2006). In both *Wright* and *Horn*, however, the debtors proposed to retain their vehicles and to pay for them over time under the plan.

In the case at bar, the debtors propose not to retain their vehicle but to surrender it to the lien creditor in full satisfaction of the claim. The debtors contend that AmSouth's claim falls within the provisions of the § 1325(a) hanging paragraph requiring the claim to be treated as fully secured. Thus, according to the debtors, any unsecured deficiency claim resulting after disposition of the collateral is barred. The court agrees.

The lead case on this issue is *In re Ezell*, 338 B.R. 330 (Bankr. E.D. Tenn. 2006). There, as here, the debtor proposed to surrender a vehicle to a so-called "910-day" creditor in full satisfaction of the claim. The *Ezell* court held that the hanging paragraph of § 1325(a) applied equally to situations of collateral surrender and collateral retention. *Id.* at 340. Following the holding in *Ezell*, most of the courts considering the issue have concluded that qualifying creditors under the hanging paragraph of § 1325(a) are not entitled to a deficiency claim upon surrender of the collateral. *See In re Pool*, 351 B.R. 747 (Bankr. D. Or. 2006); *In re Payne*, 347 B.R. 278 (Bankr. S.D. Ohio 2006); *In re Brown*, 346 B.R. 868 (Bankr. N.D. Fla. 2006); *In re Sparks*, 346 B.R. 767 (Bankr. S.D. Ohio 2006); *In re Osborn*, 348 B.R. 500 (Bankr. W.D. Mo. 2006). *Contra In re Duke*, 345 B.R. 806 (Bankr. W.D. Ky. 2006).

This court finds the rationale expressed in *Ezell* and its progeny persuasive. The plain language of the statute treats the claims of qualifying creditors as fully secured whether the debtor retains or surrenders the collateral. Hence, AmSouth cannot make a claim against this estate should a deficiency occur upon disposition of its collateral.

## Conclusion

For these reasons, the court finds that AmSouth's objection to the confirmation of the debtors' chapter 13 plan is not well taken. Separate orders will enter overruling AmSouth's objection and confirming the debtors' plan.

Done this the 12th day of December, 2006.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtors
Vonda S. McLeod, Debtors' Attorney
James H. Greer, Creditor's Attorney
Curtis C. Reding, Chapter 13 Trustee